O'DELL HILL AND J. C. HILL v. ROBERT L. DAWSON, SR. AND ZODIE CUNNINGHAM AND W. S. CUNNINGHAM, GARNISHEES.

(Filed 26 March, 1958)

**Attachment § 11—**

 Where plaintiffs recover judgment against defendant in the main action, in which the garnishees are served, G.S. 1-440.22, and there is no attack upon the validity of the attachment nor demand for a jury trial for dissolution of the attachment, G.S. 1-440.36, plaintiffs are entitled to summary judgment on the undertaking signed by defendant and one of the garnishees for the release of the property from the attachment, the property having been sold and being incapable of delivery in kind to plaintiffs.

APPEAL by Zodie Cunningham and husband W. S. Cunningham, Garnishees, from *Stevens, J.,* November Term 1957 of LENOIR.

Civil action to recover $1,092.21, with interest, for groceries and merchandise sold and delivered by plaintiffs to the defendant Robert L. Dawson, Sr., during the years 1954 and 1955, which amount is due and unpaid.

In the year 1956 the defendant Robert L. Dawson, Sr., was a tenant on the farm of Zodie Cunningham, and husband W. S. Cunningham. He had 7 to 8 acres of tobacco. Dawson was to receive one-half the tobacco crop, less what amount was due the Cunninghams. After the institution of the action and the filing of their complaint plaintiffs secured from the Clerk of the Superior Court of Lenoir County, pursuant to the provisions of G. S. 1-440.10 *et seq.,* an order to attach and safely keep all the property of Robert L. Dawson, Sr., within the county of Lenoir, which is subject to attachment, or so much thereof as is sufficient to satisfy the plaintiffs' demand, together with the costs and expenses. At the time of the issuance of the original order of attachment the said Clerk, pursuant to G.S. 1-440.22, issued a summons to Zodie Cunningham and husband W. S. Cunningham, as garnishees. Zodie Cunningham and husband W. S. Cunningham filed an answer to the summons of garnishment. On the day of the issuance of the order of attachment the Sheriff of Lenoir County made a return to the court on the order of attachment that in execution of the order of attachment he had levied on one Farmall Cub Tractor and approximately 8,000 tobacco sticks of ungraded tobacco, estimated to be about 18,000 pounds of tobacco, and on the same day, pursuant to G.S. 1-440.24, he served on the garnishees a notice of levy in the garnishment proceeding upon any and all property held in their possession for the account, use, or benefit of the defendant Robert L. Dawson, Sr. On 4 September 1956 Robert L. Dawson, Sr., and Zodie Cunningham gave an undertaking in the amount of $2,100.00, in the usual form, for the return of the property seized by the sheriff by virtue of the order of attachment. This undertaking recites at its beginning: "Whereas, the Sheriff of Lenoir County, under this process, has taken from the defendant the defendant's share of all that tobacco cultivated and harvested by the defendant as tenant on the lands of Zodie Cunningham and husband, W. S. Cunningham."

The only evidence offered by the defendant and the garnishees was the testimony of W. S. Cunningham. On direct examination Mr. Cunningham was asked, "How much was sold from Mr. Dawson, Sr.'s portion?" He replied: "In different places. September 24, 1956, he sold 742 pounds for net $386.60. This was another one, I presume it was later, some they date and some they don't; 1262 pounds brought $679.25. This one on September 20th he sold 2260 pounds brought

HILL *v.* DAWSON.

$1151.70. October 3rd he sold 470 pounds for $255.65. On October 4th he sold—that's one they taken in some—232 pounds brought $107.65. October 8th he sold 2020 pounds for $1088.20. On October 8th, 298 pounds for $159.25. October 8th, sold 2086 pounds $1,060.60. That was all of his tobacco." He was then asked on direct examination, "You were entitled to how much of that?" The court sustained plaintiffs' objection to the question. The garnishees excepted, but there is no answer to the question in the record. There is no evidence in the record that Dawson owed the Cunninghams anything.

The parties stipulated that the tobacco seized under the order of attachment has been sold, and is incapable of delivery in kind to the plaintiffs.

Upon issues submitted to them the jury found that the defendant Robert L. Dawson, Sr., was indebted to the plaintiffs in the amount of $1,092.21, with interest from 1 November 1955, and that the fair market value of the property seized by the sheriff by virtue of the order of attachment on the day of seizure was $4,889.10.

From a judgment that the plaintiffs have and recover from the defendant Robert L. Dawson, Sr., the sum of $1,092.21, with interest from 1 November 1955, and that plaintiffs have and recover of the defendant Robert L. Dawson, Sr., and Zodie Cunningham on their undertaking for the return of the property seized by virtue of the order of attachment the sum of $2,100.00, to be discharged upon the payment of $1,092.21 with interest from 1 November 1955, together with the costs of this action, the garnishees Zodie Cunningham and W. S. Cunningham appeal.

*Jones, Reed & Griffin, for plaintiffs, appellees.*
*Lamar Jones, for defendants, appellants.*

PER CURIAM.    The record states W. S. Cunningham and Zodie Cunningham appealed. The judgment does not provide for any recovery against W. S. Cunningham. He is not an aggrieved party He has nothing to appeal from.

There is no evidence in the record that Robert L. Dawson, Sr., did not owe the full amount the plaintiffs sued for as an honest, just debt. The judgment recites that the defendant did not move before any one to dissolve the order of attachment, did not file any affidavit or offer other evidence alleging any defect entitling him to have the order of attachment dissolved, and made no demand for a jury trial for dissolution of the attachment, as provided in G. S. 1-440.36.

Upon judgment in their favor in the principal action, the plaintiffs were entitled to summary judgment in this action on the bond executed by the defendant Robert L. Dawson, Sr., and Zodie Cunningham,

and taken for their benefit herein. G. S. 1-440.46(d). See *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460.

All the assignments of error have been considered, and are overruled. In the trial below we find

No Error.